3

JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>ADONIS CABUGWAS,<br><br><br><br>            Debtor(s) | Case No: 10-25553-B-13J<br>DC No.: JPJ-1<br><br>**TRUSTEE'S MOTION TO DISMISS**<br><br>DATE: MAY 19, 2010<br>TIME: 1:00 PM<br>COURTROOM: 32 |

     JAN P. JOHNSON, CHAPTER 13 TRUSTEE, hereby moves the Court for an Order Dismissing this case pursuant to 11 U.S.C. §1307, General Order 05-03, and as supported by the attached declaration for the following reason(s):

///

///

///

1

1. The debtor is delinquent to the trustee in the amount of $734.00 which represents approximately one payment. The debtor has made no plan payments since this petition was filed which was on March 7, 2010. There is cause to dismiss this case pursuant to 11 U.S.C. §1307(c)(4).

2. The debtor failed to provide the trustee with copies of his payment advices or other evidence of income received within the 60 day period prior to the filing of the petition. The debtor has failed to comply with 11 U.S.C. §521(a)(1)(B)(iv). Pursuant to 11 U.S.C. §521(i)(1), the case may be automatically dismissed effective on the 46th day after the date of the filing of the petition if the missing documents are not filed within 45 days after the date of the filing of the petition. The petition was filed on March 7, 2010 therefore the 45th day was April 21, 2010

3. The debtor failed to provide the trustee with a copy of his tax return for the most recent tax year a return was filed. The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(I).

4. The debtor failed to appear at the duly noticed First Meeting of Creditors held on April 22, 2010 as required pursuant to 11 U.S.C. §343.

5. The debtor has failed to file Schedules C, Statement of Current Monthly Income and Disposable Income Calculation within the time allowed pursuant to 11 U.S.C. §521 and Local Bankruptcy Rule 3015-1(a). Pursuant to 11 U.S.C. §521(i)(1), the case may be automatically dismissed effective on the 46th day after the date of the filing of the petition if the missing documents are not filed within 45 days after the date of the filing of the petition. The petition was filed on March 7, 2010 therefore the 45th day was April 21, 2010

6. The debtor filed a certificate of completion from an approved nonprofit budget and credit counseling agency indicating that the briefing was received on March 16, 2010. The petition was filed March 7, 2010. The debtor is not eligible for relief under the United States Bankruptcy Code pursuant to 11 U.S.C. §109(h) as the briefing was not received during the 180 day period preceding the date of the filing of the petition.

7. The debtor has failed to prosecute this case causing an unreasonable delay that is prejudicial to creditors pursuant to 11 U.S.C. §1307(c)(1). The trustee mailed the notice of Meeting of Creditors on March 22, 2010. The plan was not filed until April 2, 2010. The debtor failed to serve a copy of the plan, a duplicate of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines on all parties 18 days prior to the Meeting of Creditors as required pursuant to paragraph 3(a)(2) of General Order 05-03. The debtor must seek confirmation of the plan by complying with the requirements of paragraph 8(a) of General Order 05-03. To date, the debtor has failed to file a Motion to Confirm Plan.

WHEREFORE, the Trustee asks that the Court grant an Order Dismissing this proceeding.

Dated: MAY 3, 2010

/s/ Kristen A. Koo
KRISTEN A KOO, Attorney for Trustee